# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Application Under the Equal Access to Justice Act of -- )<br><br>Pro-Built Construction Firm )<br><br>Under Contract No. W5J9JE-10-D-0016 ) | ASBCA No. 59278 |

APPEARANCE FOR THE APPELLANT:    William J. Spriggs, Esq.
                                 Spriggs Consulting Services
                                 Lynchburg, VA

APPEARANCES FOR THE GOVERNMENT:    Thomas J. Warren, Esq.
                                   Acting Engineer Chief Trial Attorney
                                   Pietro O. Mistretta, Esq.
                                   Matthew S. Tilghman, Esq.
                                   Michael A. Rea, Esq.
                                   Engineer Trial Attorneys
                                   U.S. Army Engineer District, Middle East
                                   Winchester, VA

## OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS

Pending before the Board is the application for fees pursuant to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504, submitted by appellant, Pro-Built Construction Firm (Pro-Built). Because we find that the government's litigating position was substantially justified, we deny Pro-Built's application. In addition, we deny the motion for leave to file a sur-reply filed by the United States Army Corps of Engineers (Corps or government).

## BACKGROUND

In a 1 June 2017 decision on the merits, the Board awarded Pro-Built $289,736.47, plus Contract Disputes Act (CDA) interest from the date of Pro-Built's claim. *Pro-Built Construction Firm*, ASBCA No. 59278, 17-1 BCA ¶ 36,774. The appeal involved a task order issued by the Corps on 31 July 2011, for construction of a police station in the Zabul Province of Afghanistan. On 4 March 2012, just over eight months later, the Corps terminated the task order for convenience of the government, due to "negative security conditions." The Corps did not issue a notice to proceed on the project. *Id.* at 179,191-93.

Pro-Built submitted a termination settlement proposal, and later a certified claim, seeking payment of pre-performance costs of approximately $1.1 million. The contracting officer eventually issued a settlement by determination in the amount of $48,972. In the settlement by determination, the contracting officer found the costs to be unreasonable pursuant to Federal Acquisition Regulation (FAR) 31.201-2, Determining allowability, and also cited to the findings by the Defense Contract Audit Agency (DCAA) that the contractor began charging costs to the contract before the notice to proceed was issued. *Pro-Built*, 17-1 BCA ¶ 36,774 at 179,193. (R4, tabs 2, 34)

Before the Board, Pro-Built presented a revised damages calculation in the amount of $816,273 (including the $48,972 already paid in the settlement by determination). *Pro-Built*, 17-1 BCA ¶ 36,774 at 179,190-95. James McGovern, Pro-Built's expert witness, testified that he removed the costs of employees that he determined could have worked on other projects. *Id.* at 179,194. At the hearing, and in post-hearing briefing, the Corps argued that it was unreasonable for Pro-Built to have incurred costs before the notice to proceed, but also that there were multiple deficiencies in Pro-Built's termination for convenience claim, including the fact that individuals identified as working full-time on the task order appeared to have done work on other Pro-Built projects during the period in question. *Id.* at 179,196.

By application dated 28 August 2017, Pro-Built sought reimbursement of $39,087.50 in attorney fees and $62,955.98[1] in fees and expenses for Pro-Built's expert witness (app. mot. at 1-2).

## DECISION

The EAJA provides that a business with a net worth less than $7,000,000 that prevails before the Board "shall [be] award[ed]" the fees and other expenses that it incurred unless the position of the government was "substantially justified" or other circumstances make such an award unjust. 5 U.S.C. § 504; *see also Rex Systems, Inc.*, ASBCA No. 52247, 02-1 BCA ¶ 31,760 at 156,854. The Corps does not oppose Pro-Built's EAJA application on the basis of Pro-Built's status as a prevailing party, its net worth, or the timeliness of its application. Rather, the Corps argues that Pro-Built is not eligible for EAJA fees, because the Corps' litigating position was substantially justified. (Gov't opp'n at 4)

To prevail in its substantial justification defense, the government is not required to prove that it had a substantial likelihood of victory in the litigation, but it does bear the burden of proof to demonstrate that "a reasonable person could think [the government's position is] correct, that is [that] it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988); *Rex Systems*, 02-1 BCA

---

[1] Attachment C to Pro-Built's motion claims $62,955.78 rather than $62,955.98.

¶ 31,760 at 156,854. Substantial justification is determined on the basis of the entire record before the Board, and the entirety of the government's conduct. *Job Options, Inc.*, ASBCA No. 56698, 11-1 BCA ¶ 34,663 at 170,761. The government's litigating position is more likely to be substantially justified when greater "legal uncertainty" is presented, such as when there is a question of first impression. *Rex Systems*, 02-1 BCA ¶ 31,760 at 156,855 (citing *Pat's Janitorial Service, Inc.*, ASBCA No. 29129, 86-2 BCA ¶ 18,995 at 95,923). In addition, the government's litigating position is more likely to be substantially justified when there are close factual questions and the Board's resolution of the appeal turns upon the weight, persuasiveness and credibility assigned to conflicting evidence. *Job Options*, 11-1 BCA ¶ 34,663 at 170,761.

The Corps contends that its litigating position was substantially justified because it successfully challenged a substantial portion of the costs claimed by Pro-Built. According to the Corps, at the hearing it established that Pro-Built's daily standby labor rate was unreasonable, that Pro-Built had not established that the Corps provided continued representations that the notice to proceed would be issued shortly, and that there were numerous questionable employee costs contained in Pro-Built's claim. The government additionally argues that the law was unclear regarding the reasonableness of incurring pre-contract costs. (Gov't opp'n at 7-10)

Pro-Built contends that the government's litigating position was unreasonable because the contracting officer's final decision, the DCAA audit report, and the Corps' briefing before the Board took the position that the notice to proceed clause prevented recovery of any costs by Pro-Built (app. resp. at 1-2). Pro-Built contends that our opinion held that the Corps' litigating position was unreasonable by characterizing the Corps' position as being that "none of the costs were reasonable" (app. resp. at 2 (citing *Pro-Built*, 17-1 BCA ¶ 36,774 at 179,196)).

Upon review of the entire record before us, we find that the Corps' overall litigating position was substantially justified. Admittedly, the contracting officer's settlement by determination, which constituted the contracting officer's final decision, does cite the DCAA audit report's finding that Pro-Built was not authorized to incur costs prior to the notice to proceed, but the actual basis for the final decision was that the costs were unreasonable pursuant to FAR 31.201-2, Determining allowability (R4, tab 34). Additionally, the Corps' position in its post-hearing briefing was not that pre-performance costs were strictly unallowable, but that Pro-Built's claimed costs were unreasonable (gov't br. at 16-18).

Our damages award was based upon a determination of reasonableness, an issue of fact. In the end, we found that some of Pro-Built's costs were reasonable, but agreed with the Corps' questioning of other costs. Specifically, we credited the testimony of Pro-Built's acting chief executive, Mr. Amiri, and its expert witness, Mr. McGovern, regarding business practices in Afghanistan, and the need to retain key

3

employees in advance of bidding for construction projects due to labor market and security conditions. *Pro-Built*, 17-1 BCA ¶ 36,774 at 179,196-97. However, our determination that a portion of Pro-Built's costs were reasonable required us to balance Pro-Built's evidence with the serious inconsistencies noted by the Corps. *Id.* at 179,197. As noted in our opinion, the Corps cited to individuals identified by Pro-Built as working full-time on the project but that appeared to have done work on other Pro-Built projects during the same time period. In addition, the Corps noted that individuals identified in Pro-Built's quality control submittal lists were not the same as the workers identified as performing these roles in the termination for convenience settlement claim. *Id.* With a different credibility determination, these facts could have supported a factual finding that Pro-Built's claimed costs were not supported. Given all the facts and circumstances of the appeal, this was a close factual call and we find that the Corps' position was substantially justified. *See Job Options*, 11-1 BCA ¶ 34,663 at 170,761.

Also pending before the Board is the Corps' motion for leave to file a sur-reply. The Corps asserts that it is necessary to address two issues raised in Pro-Built's response brief. First, the Corps seeks to respond to a discussion of the amount of a settlement offer purportedly made by the Corps in an attempt to settle this dispute in October 2015. The second issue pertains to the services provided by Pro-Built's expert witness and whether the charges should properly be considered expert witness services or legal services.[2] Pro-Built opposes the Corps' motion to file a supplemental brief and attached to its opposition a declaration from its expert regarding the issues raised in the Corps' motion for leave to file a sur-reply.

We deny the Corps' motion for leave to file a sur-reply as we do not find the issues presented to be helpful to the Board. In its brief opposing Pro-Built's EAJA application, the Corps asserted that it made a settlement offer to Pro-Built of $337,346.93 (gov't br. at 5-6). Pro-Built objected to the Corps' disclosure of settlement discussions and asserted that the Corps' offer was actually $225,000. Pro-Built attached as an exhibit to its brief handwritten notes that it represented were prepared by Pro-Built's expert witness contemporaneous with the settlement discussions, and noting a settlement offer of $225,000. (App. resp. at 3, ex. A) The Corps then sought leave to file a sur-reply, which Pro-Built opposed.

The Board's Rules address "Equal Access to Justice Act Procedures" in Addendum I. These procedures provide that "[w]hen a CDA appeal is decided on the merits, other than by a consent judgment, the record relating to whether the

---

[2] The Corps' motion for leave to file a sur-reply included its proffered sur-reply as an attachment. In addition to addressing the issues identified in its motion, the sur-reply also presents argument that the Corps' litigating position was substantially justified. (Gov't sur-reply at 1-4)

4

Government's position under the EAJA was substantially justified will be limited to the record in the CDA appeal. Evidence relevant to other issues in the award proceeding may be submitted." Add. I, ¶ (m)(1). Thus, we do not consider the Corps' counsel's statement regarding the proposed settlement amount, Pro-Built's exhibit, the Corps' supplemental brief and attachments, or Pro-Built's declaration.

The second issue addressed in the Corps' supplemental brief concerns the proper rate of reimbursement for Pro-Built's expert witness fees. As we find that the Corps' position was substantially justified, we need not reach this issue. Accordingly, the Corps' motion for leave to file a sur-reply is denied.

### CONCLUSION

For the reasons set forth above, Pro-Built's application for attorney fees and costs pursuant to the Equal Access to Justice Act is denied. The Corps' motion for leave to file a sur-reply is denied.

Dated: 13 February 2018

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals on an application for fees and other expenses incurred in connection with ASBCA No. 59278, Appeal of Pro-Built Construction Firm, rendered in accordance with 5 U.S.C. § 504.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6